IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


NADINE LONG,

    Plaintiff,

v.                              CASE NO. 5:14cv326-RH/GRJ

CITY OF MARIANNA, FLORIDA,

    Defendant.

_____/


**ORDER GRANTING SUMMARY JUDGMENT**


This is an employment-discrimination case. The plaintiff asserts she was not hired for a position because of her race. But the record establishes, without genuine dispute, that the defendant chose another applicant because that applicant was better qualified and willing to work for the salary the defendant wished to pay. This order grants summary judgment for the defendant.

I

On the defendant's summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in the plaintiff's favor. This order sets out the facts that way.

Case No. 5:14cv326-RH/CAS

The plaintiff Nadine Long currently serves as Administrative Assistant to the Public Works Director of the defendant City of Marianna, Florida. Ms. Long has held this position since 2003. Ms. Long is African American.

In December 2013, the City announced an opening for the position of Accounts Payable/Payroll Clerk. The City first emailed the announcement to its department heads and their assistants. Ms. Long received a copy of the announcement on December 24, 2013. The pay grade of the position was lower than Ms. Long's pay grade at that time, so Ms. Long did not apply for the position.

No City employees applied for the position, so the position was advertised to the public. The City received more than 25 applications and scheduled interviews in early February. Around this time, the City determined that it should revise the position description and raise the pay grade. The City Commission approved this on February 4, 2014, but the City did not re-advertise the position.

Ms. Long learned that the City had revised the position and raised the pay grade. She applied for the position on February 6, 2014. Within a day she received notice that she would be interviewed. Her interview was scheduled for the following week.

The revised job description required graduation from high school or a GED, three years of full-time experience in payroll and data processing, typing, 10-key

proficiency, and computer literacy. The description said an associate's degree in accounting or bookkeeping was preferred.

A three-person panel conducted interviews. All three interviewers were white. The interviewers told Ms. Long that the City was planning to pay a salary at the bottom of the range. Ms. Long says she told the interviewers that she wished to be paid $35,000 (an amount within but not at the bottom of the range) but that she would be willing to negotiate. (According to the interviewers, Ms. Long said clearly that she would accept nothing less than $35,000, but Ms. Long's version must be accepted for summary-judgment purposes.)

The interviewers unanimously recommended that the City hire Linda Albritton, who is white. The city manager approved the recommendation. Ms. Albritton accepted the job.

II

When, as here, an employee relies on circumstantial evidence in support of a discrimination claim, the employee may proceed under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later cases. Under that framework, an employee first must present a prima facie case. The employer then must proffer a legitimate, nondiscriminatory reason for its decision. The employee then must show that the proffered reason was not the real reason for the decision and that instead a reason was discrimination.

Alternatively, the employee may present other evidence from which a reasonable factfinder could infer prohibited discrimination or retaliation. *See, e.g., Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

The standards that govern the claim under the Florida Civil Rights Act are the same as those that govern the federal claims.

### III

A plaintiff may establish a prima facie case of discrimination in hiring by showing that: (1) the plaintiff is a member of a protected class; (2) the plaintiff applied and was qualified for a position; (3) the plaintiff was not hired for the position; and (4) the position remained open or was filled by a person outside of the protected class. *See Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir. 1999).

Ms. Long is African-American. She applied for the Accounts Payable/Payroll Clerk position. She was not hired for the position. The successful applicant is white. The City asserts that Ms. Long was not qualified for the position, but I assume, without deciding, that Ms. Long *was* qualified. On that assumption, Ms. Long has established a prima facie case.

But the City has proffered a legitimate, nondiscriminatory reason for not selecting Ms. Long: Ms. Albritton was better qualified and willing to accept a salary at the bottom of the range. Ms. Albritton had almost 20 years of experience

in payroll and accounts payable. Ms. Long had less experience in payroll and accounts payable and wished to be paid a higher salary. Unlike Ms. Albritton, Ms. Long had never held a position with full-time responsibilities in payroll or accounts payable.

Ms. Long has not shown that the City's proffered reason was not the real reason for the decision and that instead a reason was discrimination. Ms. Long says the City purposefully did not internally advertise the revised position and that this was discrimination against her. But Ms. Long was still able to interview for the position. The way the City chose to advertise the position affected all applicants equally, regardless of race. And the successful applicant, Ms. Albritton, interviewed for the position by telephone. The interviewers and city manager all testified, without contradiction, that they had no knowledge of Ms. Albritton's race until after she was selected for and accepted the position.

Ms. Long brings up incidents of alleged racial discrimination from several years prior to the hiring decision at issue in this case. She says, for example, that she filed a grievance in 2008 claiming that she was not interviewed for a position based on her race and that the city manager (the same city manager involved here) became angry with her. Ms. Long also says that in 2012, the city manager counseled Ms. Long for verbally harassing a police officer after Ms. Long accused the officer of racial profiling. Ms. Long says she received a written reprimand

after filing this lawsuit. But the facts underlying these events—as distinguished from Ms. Long's unsupported conclusions—do not show racial discrimination. And the consequences Ms. Long says she suffered did not constitute "a *serious and material* change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). "[C]riticisms of an employee's job performance—written or oral—that do not lead to tangible job consequences will rarely form a permissible predicate for a Title VII suit." *Id.* at 1241.

Ms. Long does not frame her allegations as a hostile-environment claim. But it would not matter if she did assert a hostile-environment claim, because the alleged mistreatment was not "severe or pervasive," as required for a hostile-environment claim. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *see also Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808-09 (11th Cir. 2010).

The City is entitled to summary judgment.

IV

For these reasons,

IT IS ORDERED:

1.      The City's summary-judgment motion, ECF No. 41, is GRANTED.

2. The clerk must enter judgment stating, "This action was resolved on a motion for summary judgment. It is ordered that the plaintiff Nadine Long recover nothing. The claims against the defendant City of Marianna, Florida, are dismissed on the merits."

3. The clerk must close the file.

SO ORDERED on August 17, 2015.

s/Robert L. Hinkle<br>United States District Judge